UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY BLEDSOE and KELLI BLEDSOE, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:18-cv-00325-AGF |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wells Fargo Home Mortgage's motion to dismiss the pro se complaint of Plaintiffs Terry and Kelli Bledsoe, and Plaintiffs' motion for leave to amend their complaint. For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' motion for leave to amend, and deny as moot Defendant's motion to dismiss.

# BACKGROUND

Plaintiffs filed this "Complaint to Quiet Title by Way of Fraud" in state court, and on February 27, 2018, Defendant removed the case to this Court on diversity grounds. Plaintiffs had previously amended their complaint twice while it was pending in state court. The current complaint asks the Court grant an "Order to Quiet Title with prejudice at 1325 Leroy Avenue, St. Louis Mo, 63133. Lot 5 Block 3 Hazel Hill Plat Book 4 Page 43," and for emotional distress and punitive damages in the amount of $750,000.

Plaintiffs allege that Defendant is "knowingly collecting payments on a fraudulent second deed of trust with a note that has been satisfied," in the amount of $38,986. ECF No. 6 at 3. Defendant has moved to dismiss the complaint for failure to state a claim.

Defendant argues that the documents incorporated by the complaint reveal that on December 14, 2011, Plaintiffs obtained a $38,986 loan from Leader One Financial Corporation, and signed a related promissory note to be secured by a mortgage, deed of trust, or similar security instrument. The same day, Plaintiffs executed a deed of trust encumbering the property. Defendant asserts that the deed of trust was recorded twice by the St. Louis County Recorder of Deeds, the first time on December 15, 2011, in Book 19783, Page 2488 ("First Deed of Trust"), and the second time on January 4, 2012, in Book 19805, Page 965 ("Second Deed of Trust"). Defendant has attached copies of the note and both recorded Deeds of Trust as exhibits to the memorandum in support of its motion.[1]

The First Deed of Trust describes the subject property as "Lot 5 in Block 3 of Hazel Hill, according to the plat thereof recorded in Plat Book 4 Page 43 of the St. Louis County Records," ECF No. 16-2 at 10, and states that the property has the address of "1235 Leroy Ave, Pagedale Missouri 63133," *id.* at 3. The Second Deed of Trust also describes the property as "Lot 5 in Block 3 of Hazel Hill, according to the plat thereof recorded in Plat Book 4 Page 43 of the St. Louis County Records," ECF no. 16-3 at 10, but states that the property has the address of "1325 Leroy Ave, Pagedale Missouri 63133," *id.* at 3.

Defendant asserts that, on March 29, 2012, Leader One executed a document titled "Satisfaction," which was recorded, but that this document released only the First Deed of Trust. Defendant further contends that, on May 4, 2016, Mortgage Electronic Registration Systems, Inc. ("MERS") executed an "Assignment of Mortgage/Deed of

---

[1] In addressing a motion to dismiss, [the court] may look to the pleadings, documents attached to the pleadings, materials embraced by the pleadings[,] and matters of public record." *Hageman v. Barton*, 817 F.3d 611, 620 n.8 (8th Cir. 2016) (citation omitted).

Trust," whereby MERS, as nominee for Leader One, assigned the Second Deed of Trust to Wells Fargo. The Satisfaction and Assignment are also attached as exhibits to Defendant's memorandum in support of its motion.

The "Satisfaction" states:

In consideration of the satisfied debt secured by certain Deed of Trust made by Leader One Financial Corporation, to Kelli Bledsoe and Terry Bledsoe, Wife and Husband, dated December 14, 2011 and recorded December 16, 2011 in Book: 19783 Page: 2488 Doc No. 00754, in the amount of $38,986.00 in the records of St. Louis County, Missouri, and covering the following described real estate.

Lot 5 in Block 3 of Hazel Hill, according to the plat thereof recorded in Plat Book 4 Page 43 in the St. Louis County Records.

Property address: 1235 Leroy Ave. Pagedale, MO 63133

Satisfaction of said Mortgage of trust is acknowledged and the same is released.

ECF No. 16-4.

Defendant argues that Plaintiffs' claim for quiet title fails because, as evidenced by the above documents, Plaintiffs have not plausibly alleged superior title to the subject property. Defendant contends that, despite Plaintiffs' conclusory allegation that the note has been satisfied, the Satisfaction did not release the Second Deed of Trust, which remains valid and enforceable and which has been assigned to Defendant. Defendant also argues that Plaintiffs fail to state a claim for fraud because Plaintiffs have failed to plead the alleged fraud with particularity and because, as discussed above, the Second Deed of Trust has not been released.

3

Plaintiffs oppose the motion to dismiss and have moved to amend their complaint. Plaintiff seeks to add Leader One Financial Corporation and MERS as Defendants and to expand their factual allegations in support of their claims to quiet title and for fraud against all Defendants. In their proposed amended complaint, Plaintiffs allege that their address is 1325 Leroy Avenue, and that they are "in possession of two sets of closing documents," one with the address of 1235 Leroy Avenue, and the other 1325 Leroy Avenue. ECF No. 19-1 at 2. Plaintiffs allege that they signed these documents on December 14, 2011, but they were unaware that they were signing two sets of documents with different addresses. Plaintiffs likewise allege that they were "unaware [that they signed] two promissory note(s) in the amount of $38,986.00 each." *Id.* at 2.

The proposed amended complaint then discusses both Deeds of Trust and the Satisfaction, and alleges that "there should have been one 'note' and one Security Instrument." *Id.* at 3. Plaintiffs allege that Defendants participated in a scheme to defraud Plaintiffs by maintaining and seeking to enforce two notes and two security instruments, Defendants knew about the falsity in this transaction and intended to deceive Plaintiffs, and Plaintiffs have suffered damage as a result. Plaintiffs again ask the Court to "grant Order to Quiet Title at 1325 Leroy Avenue, St. Louis Mo, 63133. Lot 5 Block 3 Hazel Hill Plat Book 4 Page 43," and for emotional distress and punitive damages in the amount of $750,000.

Defendant opposes the motion for leave to amend. Defendant argues that Plaintiffs have already amended their complaint twice, and the proposed amended complaint would be futile because it would not correct the deficiencies identified in

Defendant's motion to dismiss. Specifically, Defendant argues that Plaintiffs' proposed amended complaint still fails to allege facts to dispute that Plaintiffs executed the Second Deed of Trust to secure the $38,986 note, the Second Deed of Trust was never released, and the Second Deed of Trust was assigned to Defendant.

Finally, Defendant notes that Plaintiffs' proposed amended complaint references the federal criminal mail fraud statute, 18 U.S.C. § 1341. Defendant argues that to the extent Plaintiffs intend to assert a claim under this statute, such a claim is futile because there is no private right of action under § 1341.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile. *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013).

In determining whether Plaintiffs' proposed amended complaint is futile, the Court recognizes that a "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger

5

complaint." *Stone*, 364 F.3d at 914-15.

As an initial matter, the Court agrees with Defendant that, to the extent Plaintiffs attempt to assert a claim under 18 U.S.C. § 1341, such a claim would be futile. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (holding there is no private right of action under 18 U.S.C. § 1341). Therefore, the Court will deny leave to amend with respect to any claim under 18 U.S.C. § 1341.

However, the Court will otherwise grant Plaintiffs' motion for leave to amend. Liberally construed, Plaintiffs' quiet title and fraud claims assert that Defendants improperly sought to enforce two notes for the same amount, secured by two separate Deeds of Trust, one with the incorrect address. Plaintiffs allege that there should have been only one note and security instrument, and that the note was fully satisfied and any encumbrance on the property should have been released. Defendant has failed to address these allegations, either in its motion to dismiss or its opposition to the motion for leave to amend, and it is not clear to the Court at this stage that Plaintiffs' claims based on these allegations are futile.

## **CONCLUSION**

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 19. The motion for leave to amend is **DENIED** as to any claim under 18 U.S.C. § 1341, but is otherwise **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file ECF No. 19-1 as Plaintiff's Third Amended Complaint, which will be deemed to be limited in the manner set forth above.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Home Mortgage's motion to dismiss is **DENIED as moot**. ECF No. 15. This Defendant's response to the Third Amended Complaint shall be due no later than **14 days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall promptly effect service on the newly named Defendants, in accordance with Federal Rule of Civil Procedure 4.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2018.