UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BLEDSOE and KELLI BLEDSOE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WELLS FARGO HOME MORTGAGE, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 4:18-cv-00325-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions filed by Defendants Wells Fargo Home Mortgage ("Wells Fargo") (ECF No. 30) and Mortgage Electronic Registration System, Inc. ("MERS") (ECF No. 40) to dismiss the third amended complaint of pro se Plaintiffs Terry and Kelli Bledsoe. Plaintiffs oppose the motions and have separately moved for leave to conduct discovery in support of their claims (ECF Nos. 35 & 46).[1]  For the reasons set forth below, the Court will grant Defendants' motions and deny Plaintiffs' motions.

## BACKGROUND

Plaintiffs filed this "Complaint to Quiet Title by Way of Fraud" in state court, and on February 27, 2018, the case was properly removed to this Court on diversity grounds. Plaintiffs amended their complaint twice while it was pending in state court, and were permitted to amend a third time by this Court.  The current, third amended complaint asks the Court grant an "Order to Quiet Title with prejudice at 1325 Leroy Avenue, St. Louis

---

[1] The third and final Defendant, LeaderOne Financial Corp., has not moved to dismiss and has instead answered the third amended complaint.

Mo, 63133. Lot 5 Block 3 Hazel Hill Plat Book 4 Page 43," and for emotional distress and punitive damages in the amount of $750,000.

The following facts are taken from the third amended complaint, as well as the documents incorporated by that complaint that have been attached to Defendants' motions to dismiss, including the relevant lending documents and deeds of trust.[2]

On December 14, 2011, Plaintiffs obtained a $38,986 loan from LeaderOne Financial Corp., and signed a related promissory note to be secured by a deed of trust or similar security instrument. The same day, Plaintiffs executed two documents entitled "Deed of Trust," both dated December 14, 2011, purporting to encumber the property. The Deeds of Trust were recorded by the St. Louis County Recorder of Deeds on December 15, 2011, in Book 19783, Page 2488 ("First Recorded Deed of Trust"), and on January 4, 2012, in Book 19805, Page 965 ("Second Recorded Deed of Trust"), respectively.

The First Recorded Deed of Trust accurately describes the subject property as "Lot 5 in Block 3 of Hazel Hill, according to the plat thereof recorded in Plat Book 4 Page 43 of the St. Louis County Records," ECF No. 31-2 at 10, but incorrectly lists the property's address as "1235 Leroy Ave, Pagedale Missouri 63133," *id.* at 3. The Second Recorded Deed of Trust contains the same legal description of the property, and correctly lists the property's address as "1325 Leroy Ave, Pagedale Missouri 63133." ECF No. 31-3 at 10, 3.

---

[2] In addressing a motion to dismiss, [the court] may look to the pleadings, documents attached to the pleadings, materials embraced by the pleadings[,] and matters of public record." *Hageman v. Barton*, 817 F.3d 611, 620 n.8 (8th Cir. 2016) (citation omitted).

On March 29, 2012, Leader One executed a document titled "Satisfaction," which was recorded and released only the First Recorded Deed of Trust with the incorrect address. ECF No. 31-4. On May 4, 2016, Mortgage Electronic Registration Systems, Inc. ("MERS") executed an "Assignment of Mortgage/Deed of Trust," whereby MERS, as nominee for Leader One, assigned the unreleased, Second Recorded Deed of Trust to Wells Fargo.

Plaintiffs allege that they were unaware that they were signing two sets of closing documents with different addresses.[3] Plaintiffs further allege that that there should have been one note and one security instrument and that Defendants participated in a scheme to defraud Plaintiffs by maintaining and seeking to enforce two security instruments. According to Plaintiffs, Defendants knew about the falsity in this transaction and intended to deceive Plaintiffs, and Plaintiffs have suffered damage as a result.

In its motion to dismiss, Wells Fargo argues that Plaintiffs' claim for quiet title fails because Plaintiffs have not plausibly alleged superior title to the subject property. Wells Fargo contends that Plaintiffs have not alleged any facts plausibly indicating that the loan secured by the Second Recorded Deed of Trust, which properly identifies the property by address and legal description, has been paid; nor have Plaintiffs pled any facts plausibly indicating that the assignment of the Second Recorded Deed of Trust to Wells Fargo was invalid. Wells Fargo also argues that Plaintiffs fail to state a claim for fraud because Plaintiffs have failed to plausibly plead the elements of such a claim with particularity.

---

[3] Plaintiffs do not allege that any document was forged and do not dispute that they signed both sets of documents.

In its motion to dismiss, MERS argues that it no longer has any interest in the property as its interest was extinguished when it assigned the Second Recorded Deed of Trust to Wells Fargo. MERS argues that Plaintiffs lack standing to challenge the validity of the assignment, and in any event, such a challenge would be meritless. MERS likewise argues that Plaintiffs fail to state a fraud claim against it because Plaintiffs have not identified any misrepresentation by MERS that could support such a claim.

Plaintiffs oppose both motions and have also filed motions to conduct discovery to obtain evidence in support of their claims.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id.* at 678. Although a "pro se complaint must be liberally construed," pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-5 (8th Cir. 2004).

Under Missouri law, "[t]o state a cause of action to quiet title, a plaintiff must allege (1) ownership in the real property, (2) that the defendant claims some title, estate[,] or interest in the real property, and (3) that the defendant's claim is adverse and prejudicial to the plaintiff[.]" *Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 935 (E.D. Mo.

4

2014). A plaintiff "must also plead facts showing she, in fact, has a superior title to the property at issue." *Brunk v. Conseco Bank Inc*., No. 1:17-CV-188-SNLJ, 2018 WL 3109081, at *3 (E.D. Mo. June 25, 2018) (citation omitted).

The elements of an action for fraud under Missouri law are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Renaissance Leasing, LLC v. Vermeer Mfg. Corp*., 322 S.W.3d 112, 131-32 (Mo. 2010) (en banc). A state law fraudulent misrepresentation claim must "comply with the heightened pleading standards of [Federal Rule of Civil Procedure] 9(b), which require plaintiffs to plead the circumstances constituting fraud with particularity." *BJC Health Sys. v. Columbia Cas. Co*., 478 F.3d 908, 917 (8th Cir. 2007).

Plaintiffs' quiet title and fraud claims are based primarily on the fact that two Deeds of Trust were recorded, one with the incorrect address. Plaintiffs allege that there should have been only one security instrument securing the $38,986 loan. But Plaintiffs have not alleged, either in their complaint or in response to the motions to dismiss, that they paid off the $38,986 loan. And Plaintiffs acknowledge that the First Recorded Deed of Trust, while admittedly erroneous, was released. Plaintiffs have not alleged any damages resulting from the error. Nor have Plaintiffs pled facts to plausibly demonstrate that the Second Recorded Deed of Trust is somehow invalid or was improperly assigned by MERS

to Wells Fargo. Thus, Plaintiffs have not plausibly pled superior title to the property for the purpose of a quiet title action. With respect to the fraud claim, even if the erroneous First Recorded Deed of Trust could be considered a misrepresentation, Plaintiffs have not plausibly pled—and certainly have not pled with particularity—any knowledge of that misrepresentation on the part of Wells Fargo or MERS, any fraudulent intent by these Defendants, or any detrimental reliance.

In short, Plaintiffs have failed to state a claim against Wells Fargo or MERS. The Court will therefore grant these Defendants' motions to dismiss. The Court will also deny Plaintiffs' motions for discovery, as Plaintiffs have not identified any discovery necessary for resolution of the motions to dismiss, and the Court has already issued a Case Management Order setting a schedule for discovery with respect to any remaining claims.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by Defendants Wells Fargo Home Mortgage and Mortgage Electronic Registration System, Inc. are **GRANTED**. ECF Nos. 30 & 40.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for discovery are **DENIED**. ECF Nos. 35 & 46.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2018.

6